**UNITED STATES DISTRICT COURT**
                   **EASTERN DISTRICT OF VIRGINIA**
                          **Norfolk Division**


**TONI TERMINI, individually, and as Executor**
**of the Estate of Salvatore Termini, deceased,**

       **Plaintiff,**

   **v.**                                    **ACTION NO. 2:06cv591**

**LIFE INSURANCE COMPANY OF NORTH AMERICA,**

       **Defendant.**


                    **MEMORANDUM OPINION AND ORDER**

    This matter comes before the court on defendant's motion to strike plaintiff's jury demand.  For the reasons stated below, defendant's motion is **GRANTED**.

                    **I. Factual and Procedural History**

    The background facts of this litigation, which led up to the original filing of this action in state court, were set forth in detail in the court's Memorandum Opinion of December 8, 2006.  See Termini v. Life Ins. Co. of North America, No. 2:06cv591, 2006 WL 3579072, at *1 (E.D. Va. Dec. 8, 2006).  For purposes of the court's ruling on the pending motion, these background facts need not be reiterated.

    On August 28, 2006, following the repeated denial of accidental death and dismemberment policy benefits, plaintiff filed a five-count complaint against defendants Life Insurance Company of North America ("LINA") and CIGNA Group Insurance Companies

("CIGNA") in the Circuit Court for the City of Chesapeake.[1] Plaintiff's state court complaint asserted the following four causes of action: (1) breach of contract; (2) promissory estoppel; (3) equitable estoppel; and (4) bad faith.  Plaintiff sought $500,000.00 in compensatory damages, as well as costs, expenses, and reasonable attorneys' fees.  On October 23, 2006, LINA removed the action to this court, asserting that federal question jurisdiction existed under 28 U.S.C. § 1441(a) and arguing that plaintiff's claims were governed by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.  LINA then moved to dismiss the complaint for failure to state a claim upon which relief can be granted.  In response, plaintiff moved to remand the action to state court, or alternatively, to amend her complaint to  expressly state ERISA claims.

In its December 8, 2006, Memorandum Opinion, the court denied plaintiff's motion to remand and held that removal was proper, as ERISA preempted plaintiff's state law claims.  Termini, 2006 WL 3579072, at *6.  Additionally, the court converted plaintiff's state law claims into an ERISA claim under § 502(a) and denied LINA's motion to dismiss.  Id. at *7.  Notwithstanding, the court granted plaintiff's motion to amend, which allowed plaintiff to explicitly set forth claims under ERISA.  Id. at *7-8.

---

[1] The court dismissed CIGNA from this action, as there was no such legal entity.  See Termini, 2006 WL 3579072, at *7. Therefore, LINA is the only remaining defendant.

On December 20, 2006, plaintiff filed her amended complaint, which asserted the following ERISA claims: (1) recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty under 29 U.S.C. §§ 1002, 1104-05, 1109, 1132(a); and (3) recovery of attorneys' fees, costs, and interest under 29 U.S.C. § 1132(g)(1). Am. Compl. ¶¶ 35-51. Plaintiff requests this court to declare that LINA failed to comply with the terms of the accidental death and dismemberment policy at issue and to award her $500,000.00 in reimbursement for the value of the plan.[2]  Am. Compl. at 8-9.  Plaintiff also demanded a trial by jury.  Am. Compl. at 9.

On January 5, 2007, LINA filed its answer, motion to strike plaintiff's jury demand, and memorandum in support of the motion. On January 12, 2007, plaintiff filed her brief in opposition to LINA's motion to strike.  On January 18, 2007, LINA filed its reply.  Accordingly, the motion to strike plaintiff's jury demand is now ripe for review.

## II. Analysis

Plaintiff has demanded a trial by jury on all of her ERISA claims.  In support, plaintiff argues that her ERISA claims are properly characterized as legal, rather than equitable, because they are similar to breach of contract claims, and the principal

---

[2] Plaintiff also requests the court to grant further legal or equitable relief that may be necessary.  Am. Compl. at 9.

remedy is compensatory damages. On the other hand, LINA has moved to strike plaintiff's jury demand pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure. Rule 39(a)(2) provides that all issues so demanded will be tried by a jury unless "the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." FED. R. CIV. P. 39(a)(2). To bolster this motion, LINA argues that neither ERISA nor the Seventh Amendment provide a right to a trial by jury in this ERISA action.

### A. ERISA Neither Expressly Nor Implicitly Provides a Right to a Trial by Jury

This court has previously held that ERISA "does not statutorily provide for trial by jury, either expressly or implicitly." Lamberty v. Premier Millwork & Lumber Co., 329 F. Supp. 2d 737, 744 (E.D. Va. 2004). The Fourth Circuit so held in Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1006 (4th Cir. 1985), and it reaffirmed this holding in Phelps v. C.T. Enterprises, Inc., 394 F.3d 213, 222 (4th Cir. 2005); Garrett v. Merchant's, Inc., No. 93-1660, 1994 WL 266088 (4th Cir. June 17, 1994) (per curiam) (unpublished table decision); and Biggers v. Wittek Industries, 4 F.3d 291, 297-98 (4th Cir. 1993).[3] Because ERISA clearly does not

---

[3] In Phelps, the Fourth Circuit recently stated that "no jury trial attaches to actions under [29 U.S.C. § 1132(a)(1)(B)]." 394 F.3d at 222. The court further explained that
   [in Berry], this court considered whether a claimant

provide any right to a trial by jury, the court must conduct an analysis under the Seventh Amendment. See Lamberty, 329 F. Supp. 2d at 744.

## B. Seventh Amendment Does Not Provide a Right to a Trial by Jury for Plaintiff's ERISA Claims

"The right to a trial by jury is preserved by the Seventh Amendment for 'Suits at common law, where the value in controversy shall exceed twenty dollars.'" Id. (quoting U.S. CONST. amend. VII). "Suits at common law" refers to legal actions involving the determination of legal, rather than equitable, rights and remedies. See id. (citing Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990)). "The right to a jury trial extends to causes of action created by Congress." Id. In determining whether a Seventh Amendment right to jury trial exists, the court examines "both (1) 'the nature of the issues involved,' to determine if they would have historically been brought in a court of law or a court of equity, and (2) 'the remedy sought,' to determine whether it is legal or equitable in nature." Id. The second prong is the more important inquiry. Id.

---

under ERISA could insist upon a jury trial. We decided that congressional silence on the issue in the text of the statute "returned [the question] to the common law of trusts." Under such law, "proceedings to determine rights under employee benefit plans are equitable in character and thus a matter for a judge, not a jury."
Id. (internal citations omitted); see also Varghese v. Honeywell Int'l, Inc., 424 F.3d 411, 415 n.5 (4th Cir. 2005) (citing Phelps and stating conclusively that "under ERISA[,] a claimant may not insist upon a jury trial").

5

In this case, plaintiff filed her claims under 29 U.S.C. § 1132(a)(1)(B) and (a)(2), alleging that LINA breached the accidental death and dismemberment policy at issue and violated fiduciary duties in denying her claim for benefits.[4] In her prayer for relief, plaintiff seeks "a declaration regarding LINA's noncompliance with the minimum requirements of ERISA and other federal and state laws in connection with the aforesaid denial of benefits," "benefits payable under the aforesaid insurance policy, in the amount of [$500,000.00], to reimburse Termini for payments that Termini has been entitled to receive," and "further legal and equitable relief as the Court deems appropriate." Am. Compl. at 8.

Plaintiff's claim for the wrongful denial of benefits was brought under 29 U.S.C. § 1132(a)(1)(B). Under a Seventh Amendment analysis, this court has previously held that a "plaintiff's suit to recover what is due and owing under a benefits plan essentially presents an action at law to recover a legal entitlement." Lamberty, 329 F. Supp. 2d at 745. As presented here, the nature of this particular claim is legal, as it is similar to a breach of

---

[4] As it is not clear from the complaint, to the extent that plaintiff seeks relief under 29 U.S.C. § 1132(a)(3), the Fourth Circuit has held that this section only provides equitable remedies and thus does not entail a right to a jury. Phelps, 394 F.3d at 222; see Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Virginia, 876 F. Supp. 809, 816 (E.D. Va. 1995) (holding that remedies under § 1132(a)(3) are equitable in nature). Likewise, to the extent that plaintiff seeks relief under 29 U.S.C. § 1132(c), there is no right to a trial by jury. See Petty v. Carolina Biological Supply, No. 1:05CV00954, 2006 WL 2571047, at *9 (M.D.N.C. Sept. 5, 2006).

6

contract claim. Nonetheless, in this action, as described above, plaintiff seeks both legal and equitable relief.[5] Specifically, in her amended complaint, plaintiff asks this court to first <u>declare</u> that LINA has failed to comply with the terms of the policy and then to award her $500,000.00, the value of the policy. <u>See</u> Am. Compl. at 8. Because such a declaration is necessary for plaintiff to recover the plan benefits, plaintiff's claim for monetary relief is inextricably intertwined with equitable relief. <u>See</u> <u>Adams v. Cyprus Amax Minerals Co.</u>, 149 F.3d 1156, 1161-62 (10th Cir. 1998). Therefore, the overall nature of relief is equitable, which is the more important inquiry, and plaintiff's claim for benefits under § 1132(a)(1)(B) is not triable by a jury.[6]

In addition, plaintiff's claims for breach of fiduciary duty are not triable by a jury. Such actions are examined under trust

---

[5] This court has previously held that when a plaintiff is seeking only compensatory damages, and not equitable relief, the plaintiff is constitutionally entitled to a trial by jury in some ERISA actions. <u>See</u> <u>Lamberty</u>, 329 F. Supp. 2d at 745 (allowing a jury trial where plaintiff only sought money damages for (1) unpaid medical bills; (2) expenses, interest, and costs associated with the unpaid bills; and (3) the expense of obtaining health insurance from another source). These circumstances, however, do not present themselves here; the instant matter is easily distinguishable based on the nature of the remedies sought.

[6] Furthermore, the Fourth Circuit, without conducting an analysis under the Seventh Amendment, has also concluded on numerous occasions that ERISA actions seeking recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B) are not triable by a jury. <u>See</u>, <u>e.g.</u>, <u>Phelps v. C.T. Enters., Inc.</u>, 394 F.3d 213, 222 (4th Cir. 2005); <u>Biggers v. Wittek Indus., Inc.</u>, 4 F.3d 291, 297 (4th Cir. 1993); <u>Berry v. Ciba-Geigy Corp.</u>, 761 F.2d 1003, 1006 (4th Cir. 1985); <u>see also</u> <u>supra</u> note 3 and accompanying text.

law principles and fiduciary standards, which are within the exclusive jurisdiction of equity courts. See Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Virginia, 876 F. Supp. 809, 816 (E.D. Va. 1995) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110 (1989)). "In actions under § 1132(a)(2), any entitlement to monetary relief necessarily turns upon whether or not the fiduciary has breached its ERISA duties; thus, any relief sought is necessarily intertwined with the equitable process of resolving the ultimate issue—whether or not there has been a breach of fiduciary duty." Id.; see also Williams v. UNUM Life Ins. Co. of Am., 940 F. Supp. 136, 138 (E.D. Va. 1996) (stating that causes of action under § 1132(a)(2) are "plainly limited to equitable relief"). As a result, the nature of the proceedings and the relief sought here are equitable in nature, and plaintiff is not entitled to a trial by jury on her breach of fiduciary duty ERISA claims.

### III. Conclusion

For the reasons stated above, plaintiff is not entitled to a trial by jury on any of her ERISA claims.[7] Defendant's motion to

---

[7] All circuit courts of appeal, except one, have reached similar conclusions. See, e.g., Rieser v. Standard Life Ins. Co., 159 F. App'x 374, 378 (3d Cir. 2005); Phelps v. C.T. Enterprises, Inc., 394 F.3d 213, 222 (4th Cir. 2005); Shaw v. Connecticut Gen. Life Ins. Co., 353 F.3d 1276, 1286 (11th Cir. 2003); Thomas v. Oregon Fruit Prods. Co., 228 F.3d 991, 996-97 (9th Cir. 2000); Hampers v. W.R. Grace & Co., 202 F.3d 44, 54 (1st Cir. 2000); Langlie v. Onan Corp., 192 F.3d 1137, 1141 (8th Cir. 1999); Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 616 (6th Cir.

strike plaintiff's jury demand is hereby **GRANTED**.  The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for all parties.

    **IT IS SO ORDERED.**

```
                                          /s/                
                                  Rebecca Beach Smith
```

Norfolk, Virginia

February 8, 2007

---

1998); Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156, 1158, 1162 (10th Cir. 1998); Tischmann v. ITT/Sheraton Corp., 145 F.3d 561, 568 (2d Cir. 1998); Mathews v. Sears Pension Plan, 144 F.3d 461, 468 (7th Cir. 1998); Borst v. Chevron Corp., 36 F.3d 1308, 1323-24 (5th Cir. 1994).  The only circuit not to so rule is the District of Columbia Circuit, which has not addressed the issue. Furthermore, the overwhelming majority of district court decisions in the Fourth Circuit have also reached this result.  See, e.g., Cherepinsky v. Sears Roebuck & Co., 455 F. Supp. 2d 470, 476 (D.S.C. 2006); Thomas v. Hartford Life & Accident Ins. Co., No. 1:03CV65-C, 2003 WL 22466198, at *5 (W.D.N.C. Sept. 3, 2003); Tingler v. UNUM Life Ins. Co. of Am., No. Civ.A. 6:02-1285, 2003 WL 1746202, at *6 (S.D. W.Va. Apr. 2, 2003); Bursell v. Gen. Elec. Co., 243 F. Supp. 2d 460, 470 (E.D.N.C. 2003); Lawrence v. Cont'l Cas. Co., No. 1:97CV00980, 1998 WL 34312660, at *2 (M.D.N.C. June 10, 1998); Allison v. Cont'l Cas. Ins. Co., 953 F. Supp. 127, 128-29 (E.D. Va. 1996); Williams v. UNUM Life Ins. Co. of Am., 940 F. Supp. 136, 143 (E.D. Va. 1996); Ellis v. Metro. Life Ins. Co., 919 F. Supp. 936, 937-38 (E.D. Va. 1996); Colonial Williamsburg Found. v. Blue Cross & Blue Shield of Virginia, 909 F. Supp. 386, 389-91 (E.D. Va. 1995); Farrie v. Charles Town Races, Inc., 901 F. Supp. 1101, 1106-07 (N.D. W.Va. 1995); Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Virginia, 876 F. Supp. 809, 815-17 (E.D. Va. 1995); Abels v. Kaiser Aluminum & Chem. Corp., 803 F. Supp. 1151, 1153-54 (S.D. W.Va. 1992); Adams v. John Alden Life Ins. Co., Civ. A. No. HAR 91-2899, 1992 WL 165806, at *3 (D. Md. June 30, 1992); Quesinberry v. Individual Banking Group Accident Ins. Plan, 737 F. Supp. 38, 41 (W.D. Va. 1990).